Filed 12/9/25  P. v. Costello CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER ANTHONY COSTELLO,<br><br>Defendant and Appellant. | C102516<br><br>(Super. Ct. No. STK-CR-FE-COD-2018-0012123) |

Defendant Christopher Anthony Costello appeals from the denial of his postconviction petition seeking resentencing pursuant to Penal Code section 1172.6.[1] Counsel for defendant filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), asking this court to exercise its discretion to review the entire record for arguable issues on appeal.  Defendant filed a supplemental brief that made several claims of error.  We will affirm the order denying the section 1172.6 petition.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

This court described the details of the underlying offenses in an opinion in defendant's prior appeal. (*People v. Costello* (May 9, 2023, C095289) [nonpub. opn.] (*Costello*).) Defendant acknowledged that in 2018, Robert Lee told him retired podiatrist Dr. Thomas Shock had performed surgery on Lee's wife, her foot became infected, and she died. Lee asked defendant to kill Shock and offered to pay him. According to defendant, he recruited his friend Mallory Stewart, Jr., but told him they were only pretending to go along with Lee's plan to get more money out of Lee. (*Costello, supra*, C095289.)

Defendant told Lee that Stewart would kill Shock, and Lee paid them. Defendant said he called Lee the next day for more money, but Lee informed him the murder had already been committed and he would not give defendant more money. Codefendant Raymond Jacquett shot and killed Dr. Shock. A subsequent investigation determined that Lee withdrew $5,600 from a bank in the days before the murder. Cellphone records indicated that phones associated with defendant, Stewart, Jacquett, and Lee all contacted each other in the days leading up to the murder, on the night of the murder, and on the following day. (*Costello, supra*, C095289.)

In 2021, a jury found defendant guilty of aiding and abetting first degree murder for financial gain. (§ 187, subd. (a), 190.2, subd. (a)(1).) The trial court sentenced defendant to life in prison without the possibility of parole.

In 2024, defendant petitioned for resentencing under section 1172.6. The People opposed the petition, arguing defendant was not entitled to relief because he was convicted after January 2, 2019 and could not have been prosecuted under the natural and probable consequences doctrine. Defendant's reply brief in the trial court conceded defendant was tried and convicted in 2021, that on direct appeal this court concluded there was substantial evidence of defendant's intent to kill, and that defendant was not

2

tried or convicted based on any theory imputing vicarious liability. The trial court denied defendant's petition, finding he was not eligible for relief under section 1172.6.

## DISCUSSION

In *Delgadillo*, the California Supreme Court considered whether the *Wende*[2] process applies to a trial court's order denying a petition for postconviction relief under section 1172.6, and concluded it is not required. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, explaining that when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) But the filing of a supplemental brief does not compel the court to independently review the entire record to identify unraised issues, though it may exercise its discretion to do so. (*Ibid.*)

Defendant's supplemental brief raises various issues regarding his underlying case. He contends (1) the jury did not reach a verdict on an uncharged conspiracy theory of liability, (2) certain trial testimony could represent a factual dispute justifying an evidentiary hearing, and (3) jurors were not provided with any content from a phone call between the codefendants. The supplemental brief also attaches exhibits related to his contentions.

We decline to conduct an independent review of the record, and we will not consider the exhibits attached to defendant's supplemental brief because they are not a part of the appellate record. As for the contentions in defendant's supplemental brief, he asserts various arguments challenging the proceedings leading to his original conviction and sentence. But the arguments are not cognizable in this appeal. Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

---

[2] *People v. Wende* (1979) 25 Cal.3d 436.

DISPOSITION

The order denying the section 1172.6 petition is affirmed.


                                                    /S/
                                        MAURO, Acting P. J.


We concur:


     /S/
DUARTE, J.


     /S/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.